UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:24-cr-00182-SEB-MJD |
| | ) | |
| JAVED RICHARDS, | ) | |
| | ) | |
| Defendant. | ) | |

### PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Thomas E. Wheeler II, United States Attorney for the Southern District of Indiana, and, Meredith Wood, Assistant United States Attorney ("the Government"), and the defendant, Javed Richards ("the defendant"), in person and by counsel, James H. Voyles and Jennifer Lukemeyer, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Guilty Plea and Charge(s)

1. **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offense charged in the Indictment:

    a. Count One which charges that the defendant committed the offense of Distribution of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

2. **Dismissal of Counts:** Following imposition of sentence, the government will move to dismiss Counts Two through Six of the Indictment.

3. **Potential Maximum Penalties**:

a. As to Count One, the offense is punishable by a maximum sentence of 20 years of imprisonment, a $250,000 fine, and a lifetime period of supervised release following any term of imprisonment. The minimum sentence on Count One is 5 years of imprisonment and a 5 year-period of supervised release.

4. **Elements of the Offense:** To sustain the offense to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

A. **Count One – Distribution of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct**

i. The defendant knowingly distributed a visual depiction of sexually explicit conduct;

ii. The visual depiction was of a minor, and the production involved the use of a minor engaging in sexually explicit conduct;

iii. The visual depiction was shipped/transported/mailed in interstate or foreign commerce, by any means including computer; and

iv. The Defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

**General Provisions**

5. **Sentencing Court's Discretion Within Statutory Range:** The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the

Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

6. **Sentencing Court Not Bound by Guidelines or Recommendations:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

7. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

8.   **No Protection From Prosecution for Unknown or Subsequent Offenses:**  The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.  The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

9.   **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.  The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

## Sentence of Imprisonment

10.   **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**  The parties have **not** agreed upon a specific sentence.  The parties reserve the right

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

**A.    Government's Recommendation:**    The Government has agreed to recommend a sentence within the sentencing guidelines range as calculated by the Court at sentencing, provided that the defendant (i) continues to fully accept responsibility for the offense, (ii) does not commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

**B.    Defendant's Recommendation:**    The defendant understands that he is free to recommend any sentence, including one below the advisory Guideline range, but understands that he cannot be sentenced to a term of imprisonment of less than 5 years.

**C.    Supervised Release:**    Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.  The defendant understands that he cannot be sentenced to a term of less than 5 years of supervised release.

### Monetary Provisions and Forfeiture

**11.    Mandatory Special Assessment:**  The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

**12.    Fine:**    The Government agrees that it will not ask the Court to impose a fine. Notwithstanding the Government's position, the defendant understands that whether a fine is to be imposed, and the amount and payment terms of any such fine, shall be determined by the Court.

**13.    Restitution:** The Court shall order restitution to each victim in the full amount of each victim's losses as required by law and determined by the Court.

**a.**    Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. §3663A, applies and that the Court is required to order the Defendant to make restitution to all the victims of defendant's crimes. There is no agreement as to the maximum amount of restitution. Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct and is not limited to the counts of conviction. The Defendant agrees to pay restitution for all losses caused by the Defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement.

**b.    Other Claims:** The Defendant further agrees to make restitution to any person whose child exploitation visual depictions were possessed, distributed, and received by the Defendant in the amount of **no less than $3,000 per victim**. These funds are intended to allow these victims to obtain counseling, support, treatment, or other assistance related to their victimization.

**c.    Additional Restitution:** Nothing in this agreement prevents any identified or unidentified victim in the Indictment who is entitled to restation under the law from seeking additional restitution if they choose to do wo.

**d.**    The Defendant also agrees that any restitution ordered by the Court shall not be dischargeable in any bankruptcy proceeding, and the Defendant will not seek or cause to be sought a discharge or a finding of dischargeability of the restitution obligation.

**e.**    The defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the defendant's financial circumstances change. In that

event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

14.    The Court shall order restitution under 18 U.S.C. §2259 in an amount to be determined by the Court as follows:

a.    **Determining the full amount of a victim's losses.**  For victims, the Court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim under 18 U.S.C. §2259(b) and (c)(2).

b.    **Determining a restitution amount**.  After completing the determination required under subparagraph (A), the Court shall order restitution in an amount that reflects the Defendant's relative role in the causal process that underlies the victim's losses.  For other victims whose sexually explicit visual depictions were possessed, distributed, received, or transported by the Defendant, the amount of restitution ordered by this Court **shall be no less than $3,000 per victim**. These funds are intended to allow these victims to obtain counseling, support, treatment, or other assistance related to their victimization.

c.    **Ongoing investigation:**  The parties understand that the United States has not yet determined through its investigation whether any victims in the child pornography possessed by the Defendant can be identified or will seek such restitution.

d.    **Payment schedule:**  The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

**15.**    **Special Assessments for offenses committed after December 7, 2018:**

**a.**    **JVTA Special Assessment:**  The Court may order the Defendant to pay a special assessment as may be required by the Juvenile Victims of Trafficking Act (JVTA) Special Assessment of **$5,000**, unless the Court determines that the Defendant is indigent. 18 U.S.C. §3014.

**b.**    **18 U.S.C. §2259A Special Assessment**:  If the Defendant is convicted of violating 18 U.S.C. §2251(a) for an offense involving the production of child pornography, the Court shall order an additional Special Assessment of **up to $50,000**. 18 U.S.C. §2259A(a)(3). If the Defendant is convicted of violating 18 U.S.C. §2252A(a)(2) for an offense involving trafficking in child pornography, then the Court shall order an additional Special Assessment of **up to $35,000**. 18 U.S.C. §2259A(a)(2).

**c.**    **Determining the Amount of 18 U.S.C. §2259A assessment:**  The Court shall consider the factors under 18 U.S.C. §3553(a) and §3572 including the Defendant's income, earning capacity, and financial resources in determining the amount of the 18 U.S.C. §2259A child pornography assessments within the range indicated.

**d.**    **Effect of Other Penalties:**  Imposition of the 18 U.S.C. §2259A does not relieve a Defendant of or entitle a Defendant to reduce the amount of any other penalty by the amount of the assessment.

**e.**    **Disbursement of payments:**  Any money received from a Defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:

**i.**    A special assessment under 18 U.S.C. §3013.

**ii.**    Restitution to victims of any child pornography offense that the Defendant committed (charged or uncharged conduct).

8

     **iii.**       A child pornography assessment under 18 U.S.C. §2259A.

     **iv.**       Any other amount imposed under section of Title 18 of the United States Code, including any JVTA assessment under 18 U.S.C. § 3014.

     **v.**       All other fines, penalties, costs, and other payments required under the sentence.

     **16.**     **Financial Obligations:**  The defendant understands and agrees to the following financial obligations:

     **a.**     **Obligation to Pay:**  Any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.  In the event the Court imposes a schedule for payment of restitution, such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's financial obligation. The defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.  The Government may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order and/or to collect any fine.  The defendant consents to the Government's use of such legal remedies to collect the defendant's financial obligation and hereby waives any objection to such collection efforts.

     **b.**     **Financial Disclosure:**  The Defendant shall disclose to the United States Attorney's Office and the United States Probation Office all assets in which he/she has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.  The defendant shall truthfully complete the United States Attorney's Office's financial statement form and return the completed form to both the United States Attorney's Office and the United States Probation Office.

c.      **Notice of Material Changes:**  Prior to sentencing, the defendant shall provide notice to the United States Attorney's Office and United States Probation Office of any material change in the defendant's economic circumstances, within seven days of the event giving rise to the changed circumstances.  Such changes shall include, but are not limited to, the transfer of any property, or the defendant's interest in any property, with a value exceeding $1,000, owned, possessed, and/or controlled directly or indirectly, individually or jointly, by the defendant.

d.      **Failure to Disclose:**  The defendant's failure to timely and accurately complete the financial statement or to provide notice of material change in economic circumstances may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

e.      **Material Misrepresentations and Omissions:**  If the defendant makes any material misrepresentation or omission in or regarding the above-described financial obligations, including failing to disclose assets in which the defendant owns, possesses, controls, or has an interest, the Government may, at its sole option, choose to be relieved of its obligations under this plea agreement.  Misrepresentations and/or omissions are material if they effect the defendant's net worth by $10,000 or more.

### Forfeiture

17.     **Property to be Forfeited.**  The defendant stipulates and agrees to the forfeiture to the Government of, and to the immediate entry of a Preliminary Order of Forfeiture against the defendant pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), the following property:

An Apple iPhone 14+ IMEI 356295378471052 and IMEI 356295370887859;

An Aspire A515-46 Series N18Q13, SN NXABRAA00715121D6B7600; and

An Apple iPhone 6 A1549 and IMEI 359235069997343.

(collectively the "Subject Property").

18.     **Legal Basis for Forfeiture.**  The parties stipulate and agree that the Subject Property is subject to forfeiture because it is:

a.     **Visual depictions:** Any visual depiction described in 18 U.S.C. §§ 2251, 2252, or 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110, and therefore subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(1).

b.     **Instrumentalities:** Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense[s] and therefore subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(3).

19.     **Waiver of Procedural Rights.**  The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment. The defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture.  The defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the Subject Property.

20.     **Legal Effect of Forfeiture.**  The defendant understands that any forfeiture order entered by the Court is mandatory and is a part of defendant's sentence.  The defendant agrees that forfeiture of the Subject Property is separate from restitution, and that the forfeiture of the Subject Property cannot be ordered by the Court to satisfy any restitution, fine, cost of imprisonment, or any other penalty the Court may impose.

11

21.    **Abandonment of Other Seized Property.**  The defendant understands that other property may have been seized by federal, state, or local law enforcement agencies during the investigation and prosecution of this cause, which is not identified as Subject Property and is not contraband.  If such property is not forfeited and/or has not been returned to the defendant by the date of sentencing, then the defendant agrees to abandon all right, title, and interest the defendant may have in such property, so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies without further notice or obligation whatsoever owing to the defendant.  The defendant consents to the vesting of title to such property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1.  The defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of such property.  The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of such property.  The defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of such property.

### Factual Basis for Guilty Plea

22.    The defendant admits that each and every fact alleged in the Indictment is true.  The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.  The following information is only a summary of the Government's evidence.  This Plea

Agreement is not intended to foreclose the presentation of, and the Government reserves the right, to present additional evidence at the time of sentencing.

JAVED RICHARDS ("RICHARDS") was a resident of the Southern District of Indiana. At the time of the offense conduct, RICHARDS was also a police officer with the Indianapolis Metropolitan Police Department ("IMPD") and had attained the rank of Sergeant. During the time period in which RICHARDS committed the below offense, he was working in the Internal Affairs Unit of IMPD. The Internal Affairs Unit investigates allegations of misconduct by IMPD officers. This includes investigating complaints from the public, other officers, or even internal sources about potential criminal activity, policy violations, or other forms of misconduct.

Between at least on or about July 2024, and on or about August 2024, RICHARDS used a social media application called Kik to distribute and receive visual depictions of minors engaged in sexually explicit conduct. Using the online identity "Chasepleez" and a VPN application to obfuscate his identity, RICHARDS engaged in online conversations with others over Kik to distribute and receive sexually explicit visual depictions of minors to and from others. RICHARDS also engaged in a pattern of installing and uninstalling his Kik applications in an attempt to avoid detection.

Accordingly, and as set forth in Count 1 of the Indictment, RICHARD admits that on or about July 14, 2024, in the Southern District of Indiana, he knowingly distributed any visual depiction using any means and facility of interstate and foreign commerce and that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct; to wit,

RICHARDS knowingly distributed the following file in violation of Title 18, United States Code, Section 2252(a)(2):

| Count | On or About Date | File Name | Description | Application |
|---|---|---|---|---|
| 1 | July 14, 2024 | 8f593c4c-de41-4d5a-ae74-f8a08592937e.mp4 | This is a four second video of a female child who appears to be under the age of twelve. The child is posed nude and is inserting an object into her genitals. | Kik Messenger |

RICHARD further admits that he distributed the files described in Counts 2 through 5 of the Indictment, among others. RICHARDS further admits that on or about August 21, 2024, in the Southern District of Indiana, he knowingly possessed matter containing visual depictions of minors engaged in sexually explicit conduct on his iCloud account chief317@icloud.com including at least one of the visual depiction involving a prepubescent minor or a minor who had not attained 12 years of age. Included among the files RICHARDS knowingly possessed on his iCloud account chief317@icloud.com are those identified using the file names listed below:

|  | File Name | Description |
|---|---|---|
| A | session-2024-06-20-025313_1.mp4 | This video file is approximately 44 seconds. It depicts an adult male inserting a finger into a minor female's vagina. The adult male also inserts his penis into the minor female's anus. The minor female appears to be a toddler under the age of six. The minor female's vagina and anus are clearly visible. The minor female is heard making distressed noises. |
| B | session-2024-08-10-014213_1.mp4 | This video file is approximately 52 seconds. It depicts a minor female inserting a plastic Pepsi bottle into her anus or vagina. The minor female appears to be under the age of twelve. |
| C | 0c02d428-4580-4181-b9d5-912d4b12912b_2_1.mp4 | This video file is approximately two minutes. It depicts a minor female bound with yellow rope and a |

| | | blindfold on a purple towel. The minor female is nude. During the video a dog licks the minor female's genital area while an adult male inserts his penis into the minor female's mouth. |
|---|---|---|

The visual depictions that RICHARDS distributed, received, and possessed depicted prepubescent minors or a minor who had not attained the age of 12 years; and material that portrayed (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler. RICHARDS admits to possessing more than 600 images or videos depicting the sexual exploitation of minor children.

**Other Conditions**

23.    **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

24.    **Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

25.    **Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

26.    **Potential Civil Commitment:** The Defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, the defendant faces potential civil commitment as a sexually

dangerous person following the expiration of his term of imprisonment. The defendant understands that any potential civil commitment would be the subject of a separate civil proceeding. The defendant further understands that no one, including his attorney or the Court, can predict with certainty the effect of the defendant's conviction on such a civil commitment determination or the likelihood that civil commitment would be imposed. The defendant understands that civil commitment can be imposed for an indefinite period of time. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any potential civil commitment consequences that the defendant's plea may entail.

27.    **Sex Offender Registration**:  The Defendant shall register as a sex offender with the appropriate authorities of any state in which she resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16913, et seq.

### Sentencing Guideline Stipulations

28.    **Guideline Computations**:    Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2024 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

A.    **Base Offense Level:** Section 2G2.2(a)(2) of the Sentencing Guidelines applies to this case and establishes a base offense level of **22**.

**B.    Prepubescent Minor:**  The material involved a prepubescent minor or a minor who had not attained the age of 12 years.  This is a **2-level increase**.  U.S.S.G. § 2G2.2(b)(2).

**C.    Knowingly Distributed.**    The defendant knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E).  This is a **2-level increase**.  U.S.S.G. § 2G2.2(b)(3)(F).

**D.    Sadistic or Masochistic Conduct/ Infant or Toddler:**  The offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler.  This is a **4-level increase**.  U.S.S.G. § 2G2.2(b)(4)(A) & (B).

**E.    Use of a Computer:**  The offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.   This is a **2-level increase**.  U.S.S.G. § 2G2.2(b)(2).

**F.    Number of Images:**  The offense involved 600 or more images.  This is a **5-level increase**.  U.S.S.G. § 2G.2(7)(D).

**G.    Acceptance of Responsibility:**  To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct.  Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement and the defendant's agreement to cooperate in and not to contest the forfeiture of the property described above, the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant  satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the

time of sentencing.  The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level.  The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

     **H.**     **Final Offense Level:** 34

### Waiver of Right to Appeal

     **29.**     **Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

     **30.**     **Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

     **a.**     **Ineffective Assistance of Counsel:**  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

     **b.**     **Retroactive Sentencing Guidelines Reductions:**  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the defendant files such a motion, the Government may oppose the motion on any other grounds.  Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

     **c.**     **Motions for Compassionate Release:**  As concerns this Section 3582 waiver, the defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13.  The government reserves the right to oppose any motion for compassionate release on any grounds.

     **31.**     **No Appeal of Supervised Release Term and Conditions:**  The defendant waives the right to appeal the length and conditions of the period of supervised release.

**Presentence Investigation Report**

     **32.**     The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

19

33.    The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

**Immigration Consequences**

34.    The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty.  The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

**Statement of the Defendant**

35.    By signing this document, the defendant acknowledges the following:

a.    I have received a copy of the Indictment and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment in open Court, and all further proceedings including my arraignment.

b.    I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled and advised me as to

the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

   **c.**  I have read the entire Plea Agreement and discussed it with my attorney.

   **d.**  I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

   **e.**  Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

   **f.**  I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

   **g.**  I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

   **h.**  I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

**i.**    I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**j.**    My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.  I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**k.**    My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

**l.**    If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement.  I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## Certificate of Counsel

**36.** By signing this document, the defendant's attorney and counselor certifies as follows:

**a.** I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Indictment in this case;

**b.** To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

**c.** The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

**d.** In my opinion, the defendant's waiver of all reading of the Indictment in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

**e.** In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

### Final Provision

**37.**   **Complete Agreement:**  The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty.  This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

THOMAS E. WHEELER II
United States Attorney

1/5/26
DATE

Meredith Wood
Assistant United States Attorney

1/5/26
DATE

Kyle M. Sawa
Chief, General Crimes Unit

12/19/25
DATE

Javed Richards
Defendant

12/19/25
DATE

James H. Voyles      # 631-49
Jennifer Lukemeyer
Counsel for Defendant

24