# United States District Court
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                            Case Number: 1:24-cr-182-SEB

JAVED RICHARDS,

      Defendant.

**SENTENCING MEMORANDUM OF JAVED RICHARDS**

Comes now the Defendant, Javed Richards, by his attorneys James H. Voyles and Jennifer M. Lukemeyer and submits the following Sentencing Memorandum with attached exhibits and letters of support for the Court's consideration at sentencing.

### I.      Preliminary Statement.

There is no rational answer to the "why" of offenses involving Child Abuse Sex Material (CSAM) and this sentencing memorandum does not attempt to answer that question. However, some insight to the defendant's character and background is relevant to understand how a former, decorated police officer lands before this Court for the possession of CSAM. The real insight was gleaned within the psychosexual evaluation conducted by Dr. Sean Samuels, but Counsel offers some additional insight herein.

### II.      The Nature of the Offense and Character of the Offender.

Mr. Richards presents as a complicated human who stands before this Court after accepting responsibility for his criminal conduct. Throughout the pendency of this case, he

1

has searched for internal answers that have started to come to the surface through self-reflection, support from family and friends as well as intensive counseling. His insight is evidenced by a sort of peace he has reached through that reflection even as he knows he is headed for incarceration. That incarceration will be complicated by his role as a former police officer, but he is more mentally up to the task than he has been since the beginning of this matter.

Mr. Richards' past has been riddled with disappointments he did not healthily process. He has always felt that what he was "giving" was disproportional with "what he got back." He carried that disappointment forward with him instead of processing it in a rational way. He took it personally and it led to years of self-disparagement and ultimately to a point of hopelessness. The path was a dark one that drove him to CSAM as part of that self-deprecation process.

Through therapy, he mentally recalibrated as he opened up about his past and present situation. He has transformed his thorough process to accept disappointments and deal with the primary and secondary trauma of his job, his childhood and failed relationships. With therapy he has "felt heard" and intuitively learned to trust himself more in making healthier decisions, both mentally and physically. Undersigned counsel has personally witnessed this growth and acceptance of his failures and quite frankly, it has been remarkable, reflective and refreshing.

The clarity of his criminal conduct has become, well, clearer. Mr. Richards switched blame from others to himself and thus, in turn, the repeated victimization of the children within the CSAM. This insight reveals the very strong potential for rehabilitation. While

general deterrence is always thematic in a sentence, the specific deterrence is more important when addressing an individual appearing for sentencing. While the guidelines aim to avoid disparity in sentencing this Court has great discretion is addressing the individual before the Court. The evaluation completed by Dr. Samuels coupled with the therapy records and letters of support, hopefully will guide this Court in crafting an individual sentence appropriate to address the factors in 18 U.S.C. 3553.

### III.    Application of Title 18 U.S.C. § 3553

In regards to the overall sentence § 3553 instructs sentencing courts to impose a sentence that is sufficient *but not greater than necessary* to comply with the established purposes of sentencing, and in doing so, to consider (a)(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (a)(2) the need for the sentence imposed to reflect the seriousness of the offense, and afford adequate deterrence to criminal conduct, protect from further crimes of the defendant, and provide training, medical care, or treatment in the most effective manner; (a)(3) the kinds of sentences available;(a)(4) the kinds of sentences available and the sentencing range established for the offense committed as set forth in the sentencing guidelines; (a)(5) pertinent policy statements; (a)(6) the need to avoid unwarranted sentence disparities among defendants with similar records who been found guilty of similar conduct; and (a)(7) the need to provide restitution to victims of the offense.

### IV.    Sentencing Guidelines

The guideline range is merely advisory under the dictates of *Booker.* While the Court has a duty to calculate the guideline range, it is reversible error for this Court to presume the guideline range is reasonable. *Nelson v. United States,* 129 S.Ct. 890 (2009); *United States v.*

*Ross,* 501 F.3d 851, 853 (7th Cir. 2007).  As demonstrated above, the defendant would respectfully suggest that a Guideline sentence in this case would not be reasonable. The goals of a sentence can be satisfied, in this case, with a sentence closer to the 5-year mandatory minimum.

### V.    Conclusion

Mr. Richards stands before this Court requesting a sentence crafted to fill the purpose of a sentence. This can be done through the minimal sentence. Counsel, on behalf of their client, respectfully requests this Court sentence him to a sentence close to the 5-year minimum.

Respectfully submitted,

/s/ James H. Voyles, Jr.
James H. Voyles, Jr.
Attorney for the Defendant
Attorney No.: 631-49

/s/Jennifer M. Lukemeyer
Jennifer M. Lukemeyer
Attorney for the Defendant
Attorney No.: 17908-49

**JAMES H. VOYLES, 631-49**
**JENNIFER M. LUKEMEYER, 17908-49**
**VOYLES VAIANA LUKEMEYER BALDWIN & WEBB**
**ONE INDIANA SQUARE**
**211 NORTH PENNSYLVANIA STREET**
**SUITE 2400**
**INDIANAPOLIS, IN 46204**
**Telephone: (317) 632-4463**
**Fax: (317) 631-1199**
jvoyles@voyleslegal.com
jvoyles@voyleslegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, a copy of the foregoing was filed electronically.

Service of this filing will be made on all ECF – registered counsel by operation of the court's

electronic filing system.  Parties may access this filing through the court's system.

/s/ James H. Voyles, Jr.
James H. Voyles, Jr.


s/Jennifer M. Lukemeyer
Jennifer M. Lukemeyer



**JAMES H. VOYLES, 631-49**
**JENNIFER M. LUKEMEYER, 17908-49**
**VOYLES VAIANA LUKEMEYER BALDWIN & WEBB**
**ONE INDIANA SQUARE**
**211 NORTH PENNSYLVANIA STREET**
**SUITE 2400**
**INDIANAPOLIS, IN 46204**
**Telephone: (317) 632-4463**
**Fax: (317) 631-1199**
**jvoyles@voyleslegal.com**
**jlukemeyer@voyleslegal.com**

VI.     **Appendix – Psychological Records and Letters of Support**

      A.      Psychosexual Risk Assessment by Dr. Sean Samuels, dated February 23, 2025.

      B.      DLH Counseling and Consulting Letter from Dr. Darren L. Higginbotham, dated April 24, 2026.

      C.      Letter from Keely Easton.

      D.      Letter from LaVella Washington.

      E.      Letter from Paula Rawlins-Jack.

      F.      Letter from Timmor Darren Providence.

      G.      Letter from Edward Charles.

      H.      Letter from Inola Charles.

      I.      Letter from Egbert Richards.

      J.      Letter from Diaz Richards-Riant.

      K.      Letter from Jermone Barker.

      L.      Letter from Colin and Alana LeBlanc.

      M.      Letter from Kenton Ollivierre.

      N.      Letter from Kristol Hancock.

      O.      Letter from Eric Denny.