UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:24-cr-00182-SEB-MJD |
| | ) | |
| JAVED RICHARDS, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by counsel, Thomas E. Wheeler II, United States Attorney

for the Southern District of Indiana, and Meredith Wood, Assistant United States Attorney,

hereby files this sentencing memorandum in advance of the hearing currently scheduled for May

19, 2026.

### I.    Introduction

The defendant Javed Richards was an Indianapolis police officer who swore an oath to

protect our community.    Rather than upholding this oath, he distributed and possessed child

pornography that depicted young children being sexually abused.    Instead of protecting these

children, he contributed to their revictimization.

The defendant's conduct warrants a substantial prison sentence.    A sentence of 170

months is sufficient, but not greater than necessary, to reflect the seriousness of the offense,

provide just punishment, achieve deterrence, and protect the public.

1

## II.    Application of the § 3553(a) Factors

Police officers occupy a special position in our society.    They are entrusted with several important responsibilities: to serve the community, safeguard lives and property, protect the innocent, and respect the rights of all people.    This responsibility comes with an incredible amount of power they wield: the power to arrest criminals, investigate complaints from citizens, carry and use firearms, detain suspects, and search homes for evidence, among other things.

Because of these responsibilities and powers, we hold police officers to a higher standard. They swear an oath to protect us.    And we trust police officers will do exactly that.    They are our protectors.    Without this implicit trust, effective policing of our communities would be impossible.

The defendant violated his oath and the public's trust.    Through his actions, he harmed some of the most vulnerable members of our society: children.    What's more, not only was he a sworn police officer, he was a Sergeant within the IMPD's Internal Affairs Unit.    He was tasked with investigating misconduct committed by other officers.    He was the very person who was supposed to investigate and hold accountable the police officers who violate the law and break their oaths.    Instead, he was the one breaking the law and harming children.

It's not clear that he used his position as a police officer to commit these crimes or avoid detection because many of the methods he used could be known to the general public. Nonetheless, the defendant used a VPN to obscure his identity, and he repeatedly installed and uninstalled the application he used to distribute and receive child pornography.    His actions made it more difficult for investigators to hold him accountable.

2

The offense is serious, not just because of the defendant's position, but also because of the nature of the defendant's conduct.    The defendant solicited and distributed child pornography, and he possessed more than 600 files, including ones depicting very young children and bestiality.

The descriptions are disturbing.    In one file, the child, who was younger than six years old, could be heard making distressed noises.    In another, the child was bound with rope and blindfolded while a dog licked her genitals.    The defendant is someone who had no regard for the suffering these minor victims endured.    He cared only about his own deviant sexual desires.

And the defendant didn't just possess these files; he distributed many of them to others in online group chats.    Although the defendant is not the one who sexually abused these children in the first instance, his possession and distribution revictimized them all over again.    These children had their innocence taken from them in what can only be described as an evil, abhorrent act.    And then that evil, abhorrent act was recirculated over and over and over again for an untold number of others to watch.    These children have to live with the knowledge that anyone they pass on the street may have seen the materials documenting the sexual abuse they suffered—that they will be recognized.    This harm is completely separate from the harm of production.    Even after the physical abuse has ended, these children continue to be victimized for years to come.

This harm is particularly egregious when considering that it was done by a person who swore an oath to protect members of the public.    A person who was supposed to police our protectors.    The minor victims are subjected to horrific abuse, often by their own family members or other trusted adults.    This makes them especially vulnerable.    It is precisely why it

3

is so important we have police officers who can be trusted—so that minor victims feel comfortable reporting their abuse.    When victims hear that it's a police officer who was the one distributing, soliciting, and possessing material depicting child sexual abuse, it sends a message to these victims that they can't trust anyone—not even those sworn to protect them.    Not even the police officers who should be rescuing them.

The defendant's distribution and possession were not isolated acts.    This conduct took place over the course of months.    Without the demand for this type of material by individuals like the defendant, there would be no market for child pornography and thus no need to create a supply.    The defendant's possession, distribution, and receipt contributes to the continued abuse of children, creating even more victims by encouraging others to produce new child pornography.

It is true that the defendant has no prior criminal history, not even an arrest.    The government has taken this—and all of the mitigating evidence—into account in fashioning its recommendation.    At bottom, this is a serious betrayal of the public's trust in the defendant as a police officer who was supposed to protect us.    A lengthy sentence of imprisonment is necessary to reflect the seriousness of the offense, afford adequate deterrence, and provide just punishment.

**III.     Conclusion**

For all of these reasons, the government respectfully requests the Court sentence the defendant to 170 months' imprisonment.    Such a sentence is sufficient, but not greater than necessary, to accomplish the purposes of § 3553(a).

Respectfully submitted,

THOMAS E. WHEELER II
United States Attorney

By:     *s/ Meredith Wood*
Meredith Wood
Assistant United States Attorney
Office of the United States Attorney
135 N. Pennsylvania St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
E-mail: Meredith.Wood@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, a copy of the foregoing was filed electronically.

Service of this filing will be made on all ECF-registered counsel by operation of the court's

electronic filing system. Parties may access this filing through the court's system.

s/ Meredith Wood
Meredith Wood
Assistant United States Attorney
Office of the United States Attorney
135 N. Pennsylvania St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
E-mail: Meredith.Wood@usdoj.gov

6